UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE PEARCE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CV-5670 ) |
| TROY CAPITAL, LLC, | ) Judge Charles P. Kocoras ) |
|     Defendant. | ) |

## ANSWER AND COUNTERCLAIM

Defendant Troy Capital, LLC (Defendant), answers the Complaint and Counterclaims against Stephanie Pearce (Plaintiff) as follows:

## INTRODUCTION

1. Plaintiff Stephanie Pearce brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Troy Capital, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state law.

**ANSWER:** Defendant admits that Plaintiff alleges violation of the FDCPA but denies the remaining allegations of paragraph 1.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses, or abuses any debtor; and any false, deceptive, or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:** Defendant answers that the FDCPA speaks for itself.

3. Specifically, Plaintiff alleges that Defendant added unauthorized interest to debts that they attempted to collect.

**ANSWER:** Defendant admits that paragraph 3 correctly identifies Plaintiff's allegations but denies paragraph 3 to the extent it implies that Defendant actually engaged in the alleged conduct.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:** Defendant admits the allegations of paragraph 4.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this district;

   b. Defendant does business or is located within this District.

**ANSWER:** Defendant admits the allegations of paragraph 5.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 6.

7. Defendant Troy Capital, LLC is a Nevada corporation with principal offices in Nevada. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. Defendant Troy Capital, LLC is engaged in the business of purchasing charged-off consumer debts, including credit cards debts, and enforcing the debts against the consumers.

**ANSWER:** Defendant admits the allegations of paragraph 8.

9. On information and belief, defendant Troy Capital, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:** Defendant denies the allegations of paragraph 9.

10. Defendant Troy Capital, LLC regularly uses the mails and telephones in conducting its business.

**ANSWER:** Defendant admits the allegations of paragraph 10.

11. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Troy Capital, LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant answers that the FDCPA and associated comments and case law speak for themselves.

## FACTS

12. On or about October 25, 2010, Troy Capital, LLC filed suit against Stephanie Pearce in action 2010-M1-198253 in the Circuit Court of Cook County, Illinois. A copy of the summons, complaint, and exhibits thereto is attached as <u>Appendix A</u>.

**ANSWER:** Defendant admits the allegations of paragraph 12.

13. The lawsuit sought to collect a purported credit card debt originally issued by Chase and incurred for personal, family, or household purposes.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 13.

14. Contrary to the "Business Card Credit Agreement" attached to the complaint filed by Troy, this credit card was used only for personal, family, or household purposes. Further, Ms. Pearce has never owned a business nor had a business credit card in her name.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 14.

15. The standard form credit card agreements used by banks provide that the banks may change the terms of the agreement from time to time, and that changes beneficial to the consumer, such as a reduction in or waiver of interest, may be effected immediately and without notice.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 15.

16. As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 16.

17. Chargeoff means that the credit card receivable is no longer carried on the bank's books as an asset. Under federal regulations, a bank must charge off a credit card receivable after it has been delinquent 180 days; it may charge it off sooner. Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 17.

18. Among other reasons for this practice, banks are now required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R. §226.5(b)(2)(I)("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account..."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 18.

19. Defendant often purchases, or claims to purchase, credit card debts from banks months or years after the bank has charged off the debts.

**ANSWER:** Defendant admits that it purchases credit card debts but denies the remaining allegations of paragraph 19.

20. Defendant engages in a practice of adding interest to the debts for the period between charge-off and when it purchases the debts.

**ANSWER:** Defendant denies the allegations of paragraph 20.

21. For example, in Plaintiff's case, the complaint and exhibits filed by Troy Capital, LLC in the state court alleged that:

   a. Troy Capital, LLC claimed to have acquired the debt on Sept. 25, 2009;

   b. Ms. Pearce defaulted on the debt no later than August 2007;

   c. The balance at that time was $10,956.41;

   d. Troy Capital, LLC added interest at the rate of 29.99% to that balance;

5

e. Troy Capital, LLC claimed an additional $9,626.35 in interest as of Sept. 8, 2010.

**ANSWER:** Defendant answers that the state court complaint speaks for itself and denies the remaining allegations of paragraph 21.

22. It is not possible for interest at 29.99% on a balance of $10,956.41 for a period of less than one year to amount to $9,626.35.

**ANSWER:** Defendant admits the allegations of paragraph 22.

23. It is therefore clear that Defendant was adding interest for periods before it owned the alleged debt.

**ANSWER:** Defendant denies the allegations of paragraph 23.

24. The service of the complaint on Ms. Pearce as a representation by Defendant that it had the right to add interest to the debt for the period between chargeoff and purchase.

**ANSWER:** Defendant denies the allegations of paragraph 24.

25. Troy Capital, LLC steps into the shoes of the bank as of the date of its alleged purchase of the debt, and it has no right to retroactively reverse the bank's business decision to not charge interest during a period when the debt was held by the bank.

**ANSWER:** Defendant admits that it steps into the the shoes of the bank but denies the remaining allegations of paragraph 25.

26. Plaintiff Stephanie Pearce disputed the debt and defended the state court lawsuit.

**ANSWER:** Defendant admits that Plaintiff defended the lawsuit but denies the remaining allegations of paragraph 26.

27. The lawsuit was nonsuited on July 6, 2011.

**ANSWER:** Defendant answers that the state court record speaks for itself but admits the lawsuit was nonsuited.

## COUNT I - FDCPA

28. Plaintiff incorporates paragraphs 1-27.

**ANSWER:** Defendant incorporates its answers from paragraphs 1-27 as its answer to paragraph 28.

29. The addition of unauthorized interest to debts is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§1692f and 1692f(1).

**ANSWER:** Defendant answers that the FDCPA speaks for itself.

30. Section 1692e provides:

> **§1692e. False or misleading representations [Section 807 0f P.L.]**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...**
>
> > **(2) The false representation of--**
> > **(A) the character, amount or legal status of any debt;...**
> >
> > **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken...**
> >
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

**ANSWER:** Defendant answers that the FDCPA speaks for itself (emphasis in complaint).

31. Section 1692f provides:

> §1692f. Unfair Practices [Section 808 0f P.L.]

7

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law...

**ANSWER:** Defendant answers that the FDCPA speaks for itself.

**Wherefore,** Defendant denies that Plaintiff is entitled to the relief sought.

## COUNT II - ILLINOIS COLLECTION AGENCY ACT

32. Plaintiff incorporates paragraphs 1-27.

**ANSWER:** Defendant incorporates its answers from paragraphs 1-27 as its answer to paragraph 32.

33. Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:** Defendant answers that the Illinois Collection Agency Act speaks for itself.

34. Defendant violated the following provisions of 225 ILCS 425/9 by adding unauthorized interest to debts:

> **...(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...**
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed.**
>
> **(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt...**
>
> **(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is**

8

**expressly authorized by the agreement creating the debt or claim unless expressly authorized by law...**

**ANSWER:** Defendant denies the allegations of paragraph 34 and answers further that the Illinois Collection Agency Act speaks for itself (emphasis in complaint).

35. Plaintiff was damaged as a result. Such damage includes being sued by Defendant for an amount that Defendant was not entitled to collect.

**ANSWER:** Defendant denies the allegations of paragraph 35.

**Wherefore**, Defendant denies that Plaintiff is entitled to the relief sought.

## COUNTERCLAIM - Breach of Contract

1. Defendant/counter-plaintiff conducts business in the State of Illinois.

2. Plaintiff opened a charge account with Chase Bank USA N.A., promising to make monthly payments as specified in the charge agreement for purchases charged to the account.

3. Defendant is the successor in interest of Plaintiff's charge account having purchased the account in good faith, for value and in the regular course of business.

4. Plaintiff made purchases and charged them to the aforementioned account in a balance of $10,956.41.

5. Plaintiff has failed to make the monthly payments due on the account.

6. Defendant has performed its obligations as successor-in-interest.

WHEREFORE, Defendant/Counter-Plaintiff respectfully requests that this Court enter judgment in its favor in the amount of $10,956.41 and for any other relief the Court deems appropriate.

                    Respectfully Submitted,

                    /s/ Charles E. McElvenny
                    Law Office of Charles E. McElvenny
                    Attorney for Defendant

Charles E. McElvenny
Law Office of Charles E. McElvenny
53 West Jackson Boulevard
Suite 1740
Chicago, Illinois 60604
847-544-8841